1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   JENNIFER L. KELLY (CSB No. 193416)
    jkelly@fenwick.com
3   GUINEVERE L. JOBSON (CSB No. 251907)
    gjobson@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone:    415.875.2300
6   Facsimile:    415.281.1350

7   Attorneys for Defendant
    APPLE INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  DANYELLE COMER, individually and on          Case No. 5:12-cv-02457-LHK
    Behalf of All Others Similarly Situated,
14                                               CLASS ACTION
                    Plaintiffs,
15                                               NOTICE OF MOTION AND MOTION
         v.                                      TO DISMISS COMPLAINT BY
16                                               DEFENDANT APPLE INC. PURSUANT
                                                 TO FED. R. CIV. P. 12(B)(6);
17  APPLE INC., a California corporation and     MEMORANDUM OF POINTS AND
    DOES 1-10,                                   AUTHORITIES IN SUPPORT
18                                               THEREOF
                    Defendants.
19                                               Date:       September 13, 2012
                                                 Time:       1:30 p.m
20                                               Courtroom: 8, 4th Floor
                                                 Judge:      Hon. Lucy H. Koh
21
                                                 Filed:      May 15, 2012
22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................ 2

STATEMENT OF ALLEGED FACTS .................................................................................... 3

ARGUMENT ............................................................................................................................ 5

I.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS OR
      IMPLIED WARRANTIES OR VIOLATION OF MAGNUSON-MOSS. ...................... 6

      A.    Plaintiff's Failure to Give Pre-Suit Notice Bars all of Her Warranty
            Claims. ................................................................................................................. 6

      B.    Plaintiff Has Not Identified Any Express Warranty Purportedly Relied
            Upon. .................................................................................................................... 7

            1.    Plaintiff Has Not Identified The Exact Terms of the Warranty. .............. 7

            2.    Plaintiff Has Not Alleged that She Relied on any Express
                  Warranty. .................................................................................................. 8

      C.    Apple Validly Disclaimed All Warranties, Both Express and Implied. .............. 9

            1.    California Permits Disclaimers of Warranties. ........................................ 9

            2.    The TOS Validly Disclaimed Any Warranty, Express or
                  Implied. ................................................................................................... 10

      D.    Plaintiff's Magnuson-Moss Warranty Act Claim Fails Because Plaintiff
            Has Not Stated a Warranty Claim Under California Law. .................................. 13

II.   PLAINTIFF HAS NOT PLED A VIOLATION OF THE UCL, FAL, OR
      CLRA. ............................................................................................................................ 13

      A.    Plaintiff Does Not Allege any Misrepresentation or Duty to Disclose. ............. 13

      B.    Any Alleged Misrepresentations are Mere Non-Actionable Statements. ........... 15

      C.    Plaintiff Does Not Allege Reliance. ................................................................... 16

      D.    Apple's MobileMe Terms of Service Would Bar Plaintiff's CLRA,
            UCL, and FAL Claims even if a Misrepresentation and Reliance Were
            Alleged. ............................................................................................................... 17

      E.    Plaintiff's Unfairness Prong UCL Claim Fails as She Has Not Alleged
            Any "Unfair" Business Practice or Substantial Injury. ...................................... 17

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

F.  Plaintiff Does Not Allege Any "Unlawful" Business Practices............................. 18

G.  Plaintiff Cannot Allege Any "Loss of Money or Property As a Result Of" Unfair Competition, Depriving Her of Standing under the UCL or FAL. ................................................................................................................... 19

H.  Plaintiff Cannot Allege She Purchased Any Good or Service from Apple Because of any Misrepresentations. ............................................................ 20

III.  UNJUST ENRICHMENT IS NOT A CAUSE OF ACTION IN CALIFORNIA. ................................................................................................................... 21

CONCLUSION ........................................................................................................................21

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011)...................................................................................... 6, 7

*Appalachian Ins. Co. v. McDonnell Douglas Corp.*,
   214 Cal.App.3d 1 (Cal. 1989) ........................................................................................ 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................... 5

*Baney Corp. v. Agilysys NV, LLC*,
   773 F. Supp. 2d 593 (D. Md. 2011) ............................................................................ 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 5

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009)................................................................................... 6, 13

*Blennis v. Hewlett-Packard Co.*,
   No. C 07-00333 JF, 2008 WL 818526 (N.D. Cal. Mar. 25, 2008) .............................. 7

*Brown v. Buschman Co.*,
   No. 99-108 (GMS), 2002 WL 389139 (D. Del. Mar. 12, 2002)................................. 16

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
   169 Cal. App. 4th 116 (2008) .................................................................................... 6, 7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ................................................................................................ 17

*Claridge v. RockYou, Inc.*,
   785 F. Supp. 2d. 855 (N.D. Cal. 2011) ...................................................................... 20

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)................................................................................. 5, 13

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010)...................................................................................... 5

*Dart Energy Corp. v. Vogel*,
   No. 1:91-CV-184, 1991 U.S. Dist. LEXIS 10079
   (W.D. Mich. Jul. 18, 1991) ......................................................................................... 12

*Datel Holdings Ltd. v. Microsoft Corp.*,
   712 F. Supp. 2d 974 (N.D. Cal. 2010) ......................................................................... 5

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ..................................................................................... 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT APPLE'S MOTION TO
DISMISS COMPLAINT

iii

CASE NO. 5:12-CV-02457-HRL

*Dinosaur Dev., Inc. v. White*,
  216 Cal. App. 3d 1310 (1989) ............................................................................ 21

*Donohue v. Apple Inc.*,
  No. 11-CV-05337 RMW, 2012 WL 1657119 (N.D. Cal. 2012) ........................ 6, 7

*Engineered Prods. Co. v. Donaldson Co., Inc.*,
  165 F. Supp. 2d 836 (N.D. Iowa 2001) ............................................................... 16

*Fieldstone Co. v. Briggs Plumbing Prods., Inc.*,
  54 Cal. App. 4th 357 (1997) .................................................................................. 6

*Folgestrom v. Lamps Plus, Inc.*,
  195 Cal. App. 4th 986 (2011) .............................................................................. 19

*Ford v. Lehman Brothers Bank, FSH*,
  No. 12-00842 (CRB), 2012 WL 2343898 (N.D. Cal. June 20, 2012) ................... 18

*Furniture Consultants, Inc. v. Datatel Minicomputer Co.*,
  No. 85-8518 (RLC), 1986 U.S. Dist. LEXIS 22978
  (S.D.N.Y. July 10, 1986) ...................................................................................... 12

*General Electric Capital Corp. v. Munson Marine, Inc.*,
  No. 91-C-5090, 1991 U.S. Dist. LEXIS 17227
  (N.D. Ill., Nov. 20, 1991) ..................................................................................... 12

*Graphic Arts Sys. v. Scitex Am. Corp.*,
  No. 92-6997 WMB, 1993 U.S. Dist. LEXIS 21052
  (C.D. Cal. May 25, 1993) ...................................................................................... 10

*Hairston v. South Beach Beverage Co., Inc.*,
  No. CV 12-1429 JFW, 2012 WL 1893818
  (C.D. Cal. May 18, 2012) ........................................................................................ 8

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008) .............................................................................. 19

*Hovsepian v. Apple, Inc.*,
  No. 08-5788 JF (PVT); No. 09-106 JF (PVT),
  2009 U.S. Dist. LEXIS 80868 (N.D. Cal. Aug. 21, 2009) ..................................... 6

*In re ActImmune Marketing Litig.*,
  No. C 08–02376 MHP, 2009 WL 3740648
  (N.D. Cal. Nov. 6, 2009) ....................................................................................... 16

*In re Facebook Privacy Litig.*,
  791 F. Supp. 2d 705 (N.D. Cal. 2011) ................................................................. 20

*In re High-Tech Employee Antitrust Litig.*,
  No. 11-CV-02509 LHK, 2012 WL 1353057
  (N.D. Cal. April 18, 2012) .................................................................................... 13

*In re iPhone Application Litig*,
  No. 11-MD-02250-LHK, 2012 U.S. Dist. LEXIS 81426
  (N.D. Cal. June 12, 2012) ..................................................................................... 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*In re Sony Rear Projection HDTV Litigation*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ........................................................................ 14, 16

*In re Tobacco II*,
    46 Cal. 4th 298 (2009) ........................................................................................................ 16

*In re Toyota Motor Corp.*,
    790 F. Supp. 2d 1152 (C.D. Cal. 2011) ............................................................................. 16

*Inter-Mark USA, Inc. v. Intuit, Inc.*,
    No. C-07-4178 JCS, 2008 U.S. Dist. LEXIS 18834
    (N.D. Cal. Feb. 27, 2008) ......................................................................................... 6, 11, 12

*Janda v. T-Mobile USA, Inc.*,
    378 Fed. Appx. 705 (9th Cir. May 10, 2010) ..................................................................... 17

*Jogani v. Super. Ct.*,
    165 Cal. App. 4th 901 (2008) ............................................................................................. 21

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 14, 15

*Kent v. Hewlett-Packard Co.*,
    No. 09-5341 JF (PVT), 2010 WL 2681767
    N.D. Cal. July 6, 2010 ) ...................................................................................................... 12

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) .............................................................................................. 5

*Kowalsky v. Hewlett-Packard Co.*,
    No. 5:10-CV-0217 LHK, 2012 WL 892427
    (N.D. Cal March 14, 2012) ................................................................................................. 13

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ........................................................................................................ 19

*Lauriedale Assocs., Ltd. v. Wilson*,
    7 Cal. App. 4th 1439 (1992) ............................................................................................... 21

*Long v. Hewlett-Packard Co.*,
    No. 06-02816 JW, 2007 WL 2994812 (N.D. Cal. 2007) ............................................. *passim*

*Mazza v. Am. Honda Motor Co. Inc.*,
    666 F.3d 581 (9th Cir. 2012) .............................................................................................. 13

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ................................................................................................ 5

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ............................................................................................. 21

*Moncada v. Allstate Ins. Co.*,
    471 F.Supp.2d 987 (N.D. Cal. 2006) .................................................................................... 8

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Montgomery v. Buege*,
No. 08-385 WBS KJM, 2009 WL 1034518 (E.D. Cal. Apr. 16, 2009) ................................. 9

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ................................................................................. 14

*O'Neill v. U.S.*,
50 F.3d 677 (9th Cir. 1995) ............................................................................. 10, 12

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................................................ 5, 15, 21

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ..................................................................................... 5

*Pulvers v. Kaiser Foundation Health Plan, Inc.*,
99 Cal. App. 3d 560 (1979) ....................................................................................... 8

*Rose v. Bartle*,
871 F.2d 331 (3d Cir. 1989) ...................................................................................... 9

*S. M. Wilson & Co. v. Smith International, Inc.*,
587 F.2d 1363 (9th Cir. 1978) ................................................................................ 10

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................... 6, 7, 8

*Shwarz v. U.S.*,
234 F.3d 428 (9th Cir. 2000) ..................................................................................... 5

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*,
No. 07-00554, 2007 U.S. Dist. LEXIS 56032
(N.D. Cal. July 23, 2007) ........................................................................................ 18

*Tayag v. Nat'l City Bank*,
No. 09-667 SBA, 2009 WL 943897
(N.D. Cal. Apr. 7, 2009) .......................................................................................... 14

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) .................................................................. 15

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003) ................................................................................ 14

*Wilson vs. Hewlett-Packard Co.*,
No. 10-16249, 2012 U.S. App. LEXIS 3174 (9th Cir. 2012) ................................... 5

*Wireless Communications, Inc. v. Epicor Software Corp.*,
No. 3:10 CV 556, 2011 WL 90238 (W.D.N.C. Jan. 11, 2011) ............................... 10

*Wofford v. Apple Inc.*,
No. 11-CV-0034 AJB NLS, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011) .............. 20

*Woods v. Google, Inc.*,
No. 05:11-CV-1263 JF, 2011 WL 3501403 (N.D. Cal. Aug. 10, 2011) .................. 19

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* .................................................................................. 1

Cal. Bus. & Prof. Code § 17204 ........................................................................................... 19

Cal. Bus. & Prof. Code § 17535 ........................................................................................... 19

Cal. Civ. Code § 1761(d) ....................................................................................................... 20

Cal. Civ. Code § 1770(a) ....................................................................................................... 20

Cal. Civ. Code § 1770(a)(7), (9) ........................................................................................... 15

Cal. Comm. Code § 1201(10) ............................................................................................... 10

Cal. Comm. Code § 1201(b)(10) ........................................................................................... 11

Cal. Comm. Code § 2316 .............................................................................................. 10, 11

Cal. Comm. Code § 2316(2) .......................................................................................... 10, 12

Cal. Comm. Code § 2607(3)(A) ............................................................................................... 6

Cal. Uniform Comm. Code § 2313 ......................................................................................... 7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ....................................................................... 1, 13, 14, 17

Federal Rule of Civil Procedure 12(b)(6) ......................................................................... 1, 11

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on September 13, 2012, at 1:30 p.m., in the courtroom of Honorable Lucy H. Koh, defendant Apple Inc. ("Defendant" or "Apple") will move to dismiss each claim for relief asserted in the Class Action Complaint (the "Complaint") filed in this action by plaintiff Danyelle Comer ("Plaintiff" or "Comer") pursuant to Federal Rule of Civil Procedure 12(b)(6) due to her failure to state a claim upon which relief may be granted.

Apple moves on the following grounds:

(1)      <u>Breach of Express Warranty</u>.  Plaintiff does not allege that she provided pre-suit notice to Apple of any alleged breach of warranty, which is a prerequisite to bringing this claim.  Additionally, Plaintiff has failed to identify the exact terms of any express warranty and her reliance thereon.

(2)      <u>Breach of the Implied Warranty of Merchantability</u>.  Plaintiff fails to allege that she provided pre-suit notice to Apple of any alleged breach of warranty, which is a prerequisite to bringing this claim.  Additionally, in the MobileMe Terms of Service, which governs the parties' relationship, Apple adequately and conspicuously disclaimed all warranties including the implied warranty of merchantability.

(3)      <u>Violation of the Magnuson-Moss Warranty Act ("MMWA")</u>.  Because Plaintiff fails to state a California state law claim for either breach of express or implied warranty, and a claim under the Magnuson-Moss Warranty Act falls with the failure of a plaintiff's state law claims, Plaintiff's MMWA claim cannot stand.

(4)      <u>Violation of California Consumers Legal Remedies Act</u>.  Plaintiff fails to allege any facts showing that Apple made an actionable misrepresentation or had a duty to disclose; any reliance on those representations; or that any purported misrepresentations resulted in a sale of goods or services.

(6)      <u>Violation of California Business & Professions Code Section 17200, *et seq*</u>. Plaintiff fails to allege facts showing any fraudulent, unfair, or unlawful act,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

including by failing to allege any actionable false representation or statement or reliance thereon.

(7)     Violation of California Business and Professions Code 17500 *et seq.*  Plaintiff fails to allege any facts showing a false or misleading advertisement or her reliance thereon.

(8)     Unjust Enrichment.  Under California law, unjust enrichment is not a distinct cause of action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Request for Judicial Notice and Declaration of Tim O'Neil in support thereof, Apple's reply papers, oral argument by counsel, and such other matters that properly may be received by the Court.

Fenwick & West LLP
Attorneys at Law
San Francisco

DEFENDANT APPLE'S MOTION TO
DISMISS COMPLAINT

2

CASE NO. 5:12-CV-02457-LHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Danyelle Comer—who has filed this purported nationwide class action on behalf of all MobileMe subscribers who transitioned their accounts to Apple's free iCloud service—does not allege that she actually suffered any harm in that transition. Indeed, she does not even allege when (or if) she transitioned her MobileMe account to iCloud, much less any issues she faced or their causes. Instead, her Complaint rests on the assertion that Apple's website generally described use of the new iCloud service as "effortless," and therefore that any issues that a customer could potentially have in transitioning their prior accounts somehow constituted breaches of "warranties" or "misrepresentations." Her effort to initiate a legal action out of the transition process fails in every instance under Federal Rules of Civil Procedure 12(b)(6) and 9(b), and her Complaint therefore should be dismissed for failure to state a claim.

iCloud is Apple's new cloud service that stores music, photos, applications, contacts, calendars, and documents and wirelessly pushes them to multiple iOS devices and computers. iCloud's features include iTunes in the Cloud, Photo Stream, Documents in the Cloud, Contacts, Calendar, Mail, and various other features Apple launched iCloud in October 2011 at no cost to users of Apple devices.[1] With the launch of iCloud, subscribers of MobileMe, an annual subscription-based suite of Internet services, could move accounts to iCloud and now obtain for free the services for which they originally had been paying, and more.

Plaintiff's Complaint is about this transition, and she is seeking to represent a putative class of persons moving from MobileMe to iCloud. But Plaintiff has not (and cannot) identify any express warranties made by Apple—or, in fact, any statements by Apple at all—relating to the transition from MobileMe to iCloud. The only Apple statements that the Complaint identifies, refer to the operation of iCloud generally as "effortless," and do not speak at all about users moving from MobileMe to iCloud. This fundamental lack of factual basis undermines all of Plaintiff's claims.

---

[1] As Plaintiff concedes, Apple offers the iCloud service for free for at least the first 5GB of data storage. Complaint ¶ 21.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

With respect to her warranty-based claims, Plaintiff's failure to identify any Apple statements concerning MobileMe that could rise to the level of a warranty is just the first of numerous dispositive defects. Her failure to allege that she provided Apple with pre-suit notice of her warranty claims also bars each of her warranty claims. Further, the operative MobileMe Terms of Service—which are the purported "written warranties" Plaintiff repeatedly alludes to in her Complaint—validly disclaimed all warranties. Thus there are no facts Plaintiff could allege to save these claims, and they should be dismissed with prejudice.

Plaintiff's failure to identify any alleged misrepresentations concerning the MobileMe transition likewise defeats all three of her consumer protection causes of action under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL") and Consumers Legal Remedies Act ("CLRA"). Moreover, even assuming Apple had represented that the transition from MobileMe to iCloud would be "effortless" (which it did not), her claims would still fail because (1) Courts routinely hold that generalized marketing statements not ascribing particular traits are not legally actionable; and (2) Plaintiff does not allege that she saw or relied on such statements at all, much less in connection with her decision years ago to subscribe to MobileMe, which is the only service she claims to have purchased from Apple.

Absent any facts supporting actual harm to this Plaintiff under a viable legal theory, the iCloud product launch cannot justify Plaintiff's effort to start a baseless class action. In view of these defects, Apple requests that Plaintiff's Complaint be dismissed in its entirety.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff's warranty claims can survive a motion to dismiss without pleading the required pre-suit notice.

2. Whether Plaintiff can allege a breach of an express warranty without identifying any express warranty or her reliance thereon.

3. Whether Plaintiff can state a claim for breach of express or implied warranty where such warranties were disclaimed in the parties' agreement.

4. Whether Plaintiff has sufficiently pled a claim under the UCL, CLRA, or FAL despite pleading no specific representations, other than mere non-actionable statements, or duty to disclose.

5. Whether Plaintiff can maintain a claim under the fraudulent prong of the UCL, FAL or CLRA where she does not allege reliance on any representations.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.      Whether Plaintiff can maintain a UCL, FAL or CLRA claim where her allegations of misrepresentation are directly contradicted by the MobileMe Terms of Service.

7.      Whether Plaintiff has standing to pursue a claim under the UCL or FAL where she does not and cannot allege any lost money or property resulting from the challenged practice.

8.      Whether Plaintiff can maintain an unfair prong UCL claim where she identifies no substantial harm or injury and no conduct by Apple in violation of any established legislative policy.

9.      Whether Plaintiff can meet the CLRA's requirement of a sale of a good or service where the iCloud service is provided free of charge.

## STATEMENT OF ALLEGED FACTS[2]

Apple designs, manufactures and markets mobile communication and media devices, personal computers, and portable digital music players, and sells a variety of related software, services, peripherals, networking solutions, and third-party digital content and applications. Apple's products and services include iPhone, iPad, Mac, iPod, Apple TV, a portfolio of consumer and professional software applications, the iOS and Mac OS X operating systems and a variety of accessory, service and support offerings.  The Company also sells and delivers digital content and applications through the iTunes Store, App Store, iBookstore, and Mac App Store.

Apple launched MobileMe in July 2008, an annual subscription-based suite of Internet services that delivers email, contacts and calendars.  Complaint ¶ 6.  Plaintiff alleges that the service cost $99 per year for individuals and $149 for families.  *Id*. ¶¶ 6, 21.

In October 2011, Apple launched iCloud, a new cloud service, which stores music, photos, applications, contacts, calendars, and documents and wirelessly pushes them to multiple devices.  iCloud allows users to store their content on remote computer servers for download to multiple devices, such as an iPhone, iPad, Mac or PC.  As Plaintiff concedes, Apple provides its iCloud service free of charge for the first 5GB of storage.  Complaint ¶¶ 3, 21.  Apple stopped selling MobileMe in advance of the iCloud launch.  It advised existing subscribers that if they

---

[2] The following facts are taken from Plaintiff's Class Action Complaint ("Complaint") filed by Plaintiff on May 15, 2012, and are assumed to be true for purposes of this motion only.  All paragraph citations herein are to the Complaint unless otherwise noted.  When cited, the Complaint's facts are supplemented by those that are subject to judicial notice or may be considered on this motion under the incorporation by reference doctrine.  *See* Apple's accompanying Request for Judicial Notice ("RJN"), filed concurrently herewith.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

wanted to continue using the services they enjoyed through MobileMe after the service ended in June 2012, they could move their MobileMe account into iCloud. *Id*. ¶¶ 7, 22-24.

Plaintiff seeks to represent a class of all MobileMe subscribers who purchased and held a MobileMe subscription through the iCloud launch. Although she alleges that she used the MobileMe service, her Complaint does not disclose when she subscribed or when her paid subscription concluded. *Id*. ¶ 1, 4. Although she complains that MobileMe users who moved their accounts to iCloud "lost the benefit of the services that they paid for" (*id*. ¶ 32), she does not identify any service that she actually paid for but did not receive, or when, if ever, she moved her MobileMe account to iCloud. Plaintiff does not allege (nor could she) that she paid anything for iCloud. Further, while the theory underlying each of Plaintiff's claims is that Apple made false statements concerning the ease of the transition from MobileMe to iCloud (*id*. ¶¶ 11-12), she does not identify any purported misrepresentations, much less any that she relied upon in purchasing her MobileMe subscription. All Plaintiff does allege is that Apple's website generally described iCloud as "effortless" and "automatic," but not that she ever saw or relied upon that representation in purchasing MobileMe.[3]

Plaintiff also fails to identify what injury, if any, she purportedly suffered. The Complaint includes allegations of scattered press reports that certain MobileMe subscribers who moved their accounts to iCloud experienced a lack of technical support (*id*. ¶ 27), had their transition delayed briefly due to lack of capacity (*id*. ¶ 29), and/or were unable to send or receive emails from their wireless devices and home computers for some period of time after the migration. *Id*. ¶ 31. But Plaintiff does not allege that she herself suffered such issues. Rather, she merely alleges that she experienced "problems" described as "lost ability to utilize the functions of MobileMe or iCloud account, including emails and receipt of same." *Id*. ¶ 14. She does not allege when she suffered such "problems," or for how long, or whether on MobileMe or iCloud. *Id*. ¶ 14. Notably, she does not allege that she had any problem during the time she was

---

[3] Although the Complaint makes no mention of it, Plaintiff appears to have attached a "declaration" to the back of the Complaint, in which she states that she relied on certain "product label and advertising claims" but similarly fails to identify what those statements were or when she purportedly saw them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

paying for MobileMe, nor does she allege that any of her emails were deleted or that she suffered any cognizable harm from any purported delay in receiving emails.

**ARGUMENT**

A motion to dismiss should be granted if the plaintiff is unable to articulate facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Wilson vs. Hewlett-Packard Co.*, No. 10-16249, 2012 U.S. App. LEXIS 3174, at *7 (9th Cir. 2012). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Id*. The facts must "nudge [the] claims across the line from conceivable to plausible." *Id*. at 570. The Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

In ruling on a motion to dismiss, the Court "may consider materials incorporated into the complaint or matters of public record" to supply facts not revealed in the Complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The "incorporation by reference" doctrine encompasses documents on which the complaint necessarily relies as long as the document's authenticity is not disputed. *Id*; *Parrino v. FHP, Inc*., 146 F.3d 699, 705-06 (9th Cir. 1998); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005). This furthers the policy of preventing plaintiffs from surviving motions to dismiss "by deliberately omitting references to documents upon which their claims are based," or otherwise failing to attach referenced documents to their complaints which reveal the flaws in their claims. *Parrino*, 146 F.3d at 706.

The Court may also consider any matter subject to judicial notice, such as Apple's Terms of Service. *Shwarz v. U.S*., 234 F.3d 428, 435 (9th Cir. 2000); *Datel Holdings Ltd. v. Microsoft Corp*., 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of limited warranty and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

terms of use where plaintiff's claims depended, at least in part, on their contents); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT); No. 09-106 JF (PVT), 2009 U.S. Dist. LEXIS 80868, *2 & fn. 3, *23-24 (N.D. Cal. Aug. 21, 2009) (taking judicial notice of terms of warranty where complaint referenced the warranty and plaintiff's claims depended on its enforceability); *Inter-Mark USA, Inc. v. Intuit, Inc.*, No. C-07-4178 JCS, 2008 U.S. Dist. LEXIS 18834, **8-9, 16-17, 22-25 (N.D. Cal. Feb. 27, 2008) (taking judicial notice of Intuit's Software License Agreement which contained a "valid disclaimer of any implied warranties").

Under these standards, all of Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

## I.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS OR IMPLIED WARRANTIES OR VIOLATION OF MAGNUSON-MOSS.

### A.     Plaintiff's Failure to Give Pre-Suit Notice Bars all of Her Warranty Claims.

Each of Plaintiff's three warranty claims fails because she did not give Apple adequate pre-suit notice of the alleged breach of warranty.  The California Uniform Commercial Code ("UCC") requires Plaintiff to plead that she gave notice to Apple within a reasonable time of discovering any alleged breach of warranty.  Cal. Comm. Code § 2607(3)(A).  Such notice providing an opportunity to remedy the breach is a prerequisite to any breach of warranty claim. *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008); *Donohue v. Apple Inc.*, No. 11-CV-05337 RMW, 2012 WL 1657119, *13 (N.D. Cal. 2012); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal. App. 4th 357, 369 (1997).[4]

The notice requirement has been construed to mean "***pre-suit*** notice."  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (emphasis added) (dismissing *with prejudice* warranty claims where plaintiffs alleged they "gave notice to Defendants to correct [the alleged] breach upon learning of this breach by letter to Defendants and by the filing of the instant action," because this did not establish that ***pre-suit*** notice was given); *see also Sanders v. Apple Inc.*, 672

---

[4] The same requirement applies for claims brought under the MMWA that are premised on California state law warranty claims.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 fn. 2 (9th Cir. 2009).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

F. Supp. 2d 978, 989 (N.D. Cal. 2009) (dismissing warranty claim where plaintiff failed to plead that she had given pre-suit notice).   Pre-suit notice is required to provide the defendant the "opportunity to repair the defective item" or "negotiate [a] settlement" before the initiation of litigation.  *Cardinal Health 301, Inc.*, 169 Cal. App. 4th at 135.  Allowing suit without prior notice would "invite gamesmanship by plaintiffs who know they intend to assert a warranty claim but want to avoid giving a defendant notice before filing suit."  *Donohue*, 2012 WL 1657119 at *13.

Nowhere in the Complaint does Plaintiff allege that she provided pre-suit notice to Apple.  This claim must therefore be dismissed with prejudice.[5]

**B.     Plaintiff Has Not Identified Any Express Warranty Purportedly Relied Upon.**

Plaintiff's claim for breach of express warranty also fails to plead facts in support of the elements of such claim, which are:  (1) the ***exact terms*** of the warranty; (2) her reasonable reliance thereon; and (3) breach of the warranty which proximately caused her injury.  *Sanders*, 672 F.Supp.2d at 987; *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, *2 (N.D. Cal. Mar. 25, 2008); *California Uniform Commercial Code* § 2313.

**1.     Plaintiff Has Not Identified The Exact Terms of the Warranty.**

Nowhere in her Complaint does Plaintiff identify the terms of the "written warranties" that Apple purportedly breached.  Complaint ¶¶ 50-51 (alleging the existence of "written warranties" but not identifying their terms).  The only "fact" Plaintiff alleges in support of her warranty claims is that "Apple expressly warranted that MobileMe and iCloud and the conversion from

---

[5]  Plaintiff could not successfully amend.  The only "notice" that Plaintiff provided to Apple before filing suit was a letter sent Certified U.S. Mail one day before filing suit (and therefore delivered well after the suit was filed).  It asserts that Apple violated the CLRA but says nothing about any purported breach of warranty.  Plaintiff explicitly refers to this letter in her Complaint in connection with her CLRA claim (Complaint at ¶79), so the Court may consider it in ruling on this motion.  *See* Apple's RJN, filed concurrently herewith.  Such an untimely notice providing no opportunity to cure would not suffice.  *See Cardinal Health 301, Inc.,* 169 Cal. App. 4th at 135.  This is precisely the kind of gamesmanship recognized by the court in *Donohue*, and a similar circumstance to that leading the *Alvarez* court to bar warranty claims with prejudice.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MobileMe to iCloud would function as advertised."  Complaint ¶ 60.[6]  But the warranty claim

points to no statements to support or explain this conclusory allegation.

The only specific Apple statement Plaintiff points to anywhere in the Complaint is a

marketing statement on Apple's website concerning iCloud:

- "*iCloud* is so much more than a hard drive in the sky.  It makes it quick and effortless to access just about everything on the devices you use every day…";

- "*iCloud* automatically and securely stores your content…";

- "*iCloud* does it all for you…"

Complaint ¶ 3 (emphasis added).  However, the quoted statements have nothing to do with the

transition from MobileMe to iCloud.  They refer only to the iCloud service.

But even leaving that fundamental defect aside, such generalized, subjective statements do

not approach the specific, detailed factual assertions required to constitute a warranty.  *See*

*Hairston v. South Beach Beverage Co., Inc.,* No. CV 12-1429 JFW (DTBx), 2012 WL 1893818,

*6 (C.D. Cal. May 18, 2012) (allegation that "Defendants advertised and sold their waters with

specific representations of facts which guaranteed certain qualities" did not constitute a written

warranty because the label neither promised a defect-free service, nor guaranteed a level of

performance over a specific time period); *Pulvers v. Kaiser Foundation Health Plan, Inc*., 99 Cal.

App. 3d 560, 564 (1979) (representation of "performance to high standards" could not give rise to

warranty claim).

### 2.      Plaintiff Has Not Alleged that She Relied on any Express Warranty.

Even if Plaintiff had identified an express warranty, her claim would still fail because she

does not allege that she took any action in reliance on it.  *See Sanders,* 672 F. Supp. 2d at 988

(dismissing express warranty claim where plaintiff failed to plead reliance on any specific

representations Apple made in connection with the product he purchased); *Moncada v. Allstate*

*Ins. Co.*, 471 F.Supp.2d 987, 997 (N.D. Cal. 2006) (dismissing claim where plaintiffs could not

show they had read or relied upon the purported representations).  To meet this pleading

---

[6] Although Plaintiff also vaguely alleges that Apple issued written warranties in connection with "iCloud migration" (*see* Complaint ¶ 50), she does not identify them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

requirement, Plaintiff must allege she made a ***purchasing decision*** in reliance on a written warranty. *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal.App.3d 1, 34 (Cal. 1989) (plaintiff could not prove breach of warranty without evidence she relied on the express written warranty when she "negotiated the purchase" of the goods at issue). Plaintiff has not done so. The only purchase she alleges was her subscription to the original MobileMe service (Complaint at ¶ 14), which was not in reliance on any purported Apple representation made years later about migration to iCloud.[7]   Indeed, Plaintiff does not allege she ever even saw the quoted statements on Apple's website ***at any time***.

### C.    Apple Validly Disclaimed All Warranties, Both Express and Implied.

Despite attempting an express warranty claim, Plaintiff chose not to attach or quote from the actual contract she entered into with Apple when she subscribed to MobileMe. Had she done so, instead of alluding to unidentified "written warranties" (Complaint ¶¶ 50-51), the terms of the MobileMe Terms of Service (the "TOS") show that all of her warranty claims are barred because Apple disclaimed any such warranties. TOS at § 12 (Exhibit A to O'Neil Declaration).[8]   As explained in Apple's RJN, because Plaintiff's warranty claims necessarily depend on the terms of the TOS, whose authenticity Plaintiff cannot reasonably question, the Court can consider the TOS in ruling on this motion and should not allow Plaintiff to escape its conclusive effects through artful pleading. *See generally,* RJN.

#### 1.    California Permits Disclaimers of Warranties.

An express warranty is limited by its terms, such that a disclaimer precludes assertion of a warranty beyond such scope. *Long v. Hewlett-Packard Co.*, No. 06-02816 JW, 2007 WL

---

[7] The only place Plaintiff speaks to the issue of reliance is in her curious separate "declaration" apparently filed with her Complaint. This cannot satisfy Plaintiff's burden for two reasons. First, it still fails to identify the purported statements, when they were seen, and which purchasing decision they actually impacted, if any. Second, the declaration is not considered part of the complaint and cannot be used to supplement her deficient pleading. *See, e.g.,* *Montgomery v. Buege*, No. 08-385 WBS KJM, 2009 WL 1034518, at *3-*4 (E.D. Cal. Apr. 16, 2009) (striking affidavits attached to complaint as improper under Federal Rule of Civil Procedure 10(c) and noting that their contents cannot be considered on a motion to dismiss); *Rose v. Bartle*, 871 F.2d 331, 340 fn.3 (3d Cir. 1989) (affidavit attached to a complaint cannot supplement allegations or be considered on a motion to dismiss).

[8] The O'Neil Declaration is attached as Exhibit 2 to Apple's RJN.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2994812, *5-6 (N.D. Cal. 2007) (by including a disclaimer of "expressed or implied" warranties, defendant validly disclaimed any express warranty in excess of the limited warranty, and none could be created by virtue of its extra-contractual statements); *O'Neill v. U.S.*, 50 F.3d 677, 685-686 (9th Cir. 1995) (no warranty created where expressly disclaimed). Language disclaiming an express warranty is effective as long as it does not contradict the specific terms of an actual warranty. *Long*, 2007 WL 2994812 at *6; *Wireless Communications, Inc. v. Epicor Software Corp.*, No. 3:10 CV 556, 2011 WL 90238, *7 (W.D.N.C. Jan. 11, 2011) (applying California law) (language excluding "express and implied terms or warranties or representations" satisfies all requirements for warranty exclusions under the California Commercial Code). To be valid, a disclaimer of an express warranty must use words that clearly communicate that a particular risk falls on the buyer. *Long*, 2007 WL 2994812 at *6.

The implied warranty of merchantability may also be disclaimed by satisfying the requirements of California Commercial Code § 2316. *S. M. Wilson & Co. v. Smith International, Inc.*, 587 F.2d 1363, 1372-1373 (9th Cir. 1978); *Smith International, Inc.*, 587 F.2d 1363 (9th Cir. 1978); *Graphic Arts Sys. v. Scitex Am. Corp.*, No. 92-6997 WMB, 1993 U.S. Dist. LEXIS 21052, *15-16 (C.D. Cal. May 25, 1993). Section 2316(2) provides that the seller validly disclaims the implied warranty of merchantability where the disclaimer (1) mentions merchantability and, in the case of a writing, (2) is conspicuous. Cal. Comm. Code § 2316(2). California's Commercial Code also provides that "all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." *Id*. at § 2316(3)(a). Finally, a disclaimer is "conspicuous" if it is "so written, displayed, or presented that a reasonable person against whom it is to operate ought to have noticed it." Cal. Comm. Code § 1201(10) (conspicuous includes writing in all capital letters or use of bold face).

### 2. The TOS Validly Disclaimed Any Warranty, Express or Implied.

The MobileMe TOS satisfies the requirements of Section 2316 for warranty disclaimers. It clearly communicates that any risk falls on the buyer, thereby effectively disclaiming any express warranties. It also specifically mentions merchantability and is conspicuous.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Magistrate Judge Spero addressed this precise issue in *Inter-Mark*, holding, as a matter of law on a Rule 12(b)(6) motion, that a similar warranty disclaimer in the product's "clickwrap" agreement was both valid and conspicuous within the meaning of Section 2316.  *See* 2008 U.S. Dist. LEXIS 18834 at *23 (dismissing breach of implied warranty claim without leave to amend where agreement contained a "disclaimer of warranties" including "'as is' language that the California Legislature has indicated disclaims implied warranties.").  As Judge Spero noted, the question of conspicuousness is a question for the Court.  *Id.*; *see also* Cal. Comm. Code § 1201(b)(10).  In making this determination, the Court must "review the conspicuousness of the disclaimer in the context of the entire contract, and in light of the sophistication of the parties." *Inter-Mark*, 2008 U.S. Dist. LEXIS 18834 at *22-23 (citations omitted) (observing that nothing in the complaint suggested that plaintiff would not have noticed the disclaimer or appreciated its significance).

Apple's disclaimer is a paradigm of a valid and "conspicuous" disclaimer under the Commercial Code.  It clearly communicates the risk to the buyer, mentions "merchantability" and bears all the markings of being physically conspicuous, thereby validly disclaiming both express and implied warranties.  The TOS uses a bold face title "Disclaimer," uses all caps for its text, and refers to merchantability.  It states, in relevant part:

**Disclaimer of Warranties**

YOU EXPRESSLY UNDERSTAND AND AGREE THAT YOUR USE OF THE SERVICE IS AT YOUR SOLE RISTK AND THE SERVICE IS PROVIDED ON AN "AS-IS" AND AS AVAILABLE BASIS.  APPLE AND ITS AFFILIATES, SUBSIDIARIES, OFFIERS, DIRECTORS, EMPLOYEES, AGENTS, PARTNERS AND LICENSORS EXPRESSLY DISCLAIM ALL WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT….IN PARTICULAR, APPLE AND ITS AFFILATES…MAKE NO WARRANTY THAT (I) THE SERVICE WILL MEET YOUR REQUIREMENTS; (II) YOUR USE OF THE SERVICE WILL BE TIMELY, UNINTERRUPTED, SECURE OR ERROR-FREE; (III) ANY INFORMATION OBTAINED WILL BE ACCURATE OR RELIABLE; AND (IV) ANY DEFECTS OR ERRORS IN THE SOFTWARE PROVIDED TO YOU AS PART OF THE SERVICE WILL BE CORRECTED.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
2
3

…NO ADVICE OR INFORMATION, WHETHER ORAL OR WRITTEN, OBTAINED BY YOU FROM APPLE OR THROUGH OR FROM THE SERVICE SHALL CREATE ANY WARRANTY NOT EXPRESSLY STATED IN THE TOS.

4   TOS at § 12. The text preceding the disclaimer is not in all capitals, and only one other provision

5   is in all capitals, serving to distinguish the disclaimer and calling special attention to it.

6   Moreover, the disclaimer also contains "AS-IS" language, which is itself sufficient to act as a

7   disclaimer of all implied warranties. Cal. Comm. Code §§ 2316(2); 2316(3)(a).

8        In addition, the language affirmatively disclaims "all warranties of any kind, whether

9   express or implied." *See Long*, 2007 WL 2994812 at *6. This language is a valid disclaimer of

10  any express warranty because it does not contradict the terms of a written warranty (*id.*)—indeed,

11  as described in Part I.B(1), Plaintiff does not identify any express warranty, leaving none to be

12  contradicted. *See also O'Neill*, 50 F.3d at 685-686 (disclaimer of express warranties precluded

13  oral statements from creating express warranty). Apple therefore effectively disclaimed any

14  purported express or implied warranty.

15       Courts routinely enforce warranty disclaimers similar to Apple's on motions to dismiss.

16  *See, e.g.*, *Inter-Mark*, 2008 U.S. Dist. LEXIS 18834 at *22-23; *Kent v. Hewlett-Packard Co.*, No.

17  09-5341 JF (PVT), 2010 WL 2681767 *fn. 3 (N.D. Cal. July 6, 2010 ); *Long*, 2007 WL 2994812

18  at *6; *Dart Energy Corp. v. Vogel*, No. 1:91-CV-184, 1991 U.S. Dist. LEXIS 10079, at *16-18

19  (W.D. Mich. Jul. 18, 1991) (applying identical Illinois law); *General Electric Capital Corp. v.*

20  *Munson Marine*, *Inc*., No. 91-C-5090, 1991 U.S. Dist. LEXIS 17227, at *8-10 (N.D. Ill., Nov. 20,

21  1991) (Illinois law); *Furniture Consultants, Inc. v. Datatel Minicomputer Co.*, No. 85-8518

22  (RLC), 1986 U.S. Dist. LEXIS 22978, at *15 (S.D.N.Y. July 10, 1986).

23       Here, the disclaimer language is clear. Plaintiff does not allege any fact to overcome its

24  enforceability. Thus, the TOS precludes any breach of express or implied warranty theories, and

25  the Third and Fourth Claims for Relief should be dismissed with prejudice.

26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**D.      Plaintiff's Magnuson-Moss Warranty Act Claim Fails Because Plaintiff Has Not Stated a Warranty Claim Under California Law.**

A court's disposition of a plaintiff's state law warranty claims determines the disposition of her Magnuson-Moss claims: a failure to state a claim under state law therefore denies the remedies of the MMWA. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("…claims under the Magnuson-Moss Act stand or fall with [plaintiff's] express and implied warranty claims under state law."); *see also Birdsong*, 590 F.3d at 958 fn.2 ("because we conclude that plaintiffs have failed to state a claim for breach of an express or implied warranty, their claims under [Magnuson-Moss] are also properly dismissed").  Because Plaintiff fails to state a claim for breach of express or implied warranty under California law, her MMWA necessarily fails and should likewise be dismissed with prejudice.

**II.      PLAINTIFF HAS NOT PLED A VIOLATION OF THE UCL, FAL, OR CLRA.**

Plaintiff's efforts to plead claims under a handful of California consumer protection statutes, specifically the UCL, the CLRA, and the FAL, fare no better than her warranty claims. Plaintiff bases each of these statutory claims on a theory that Apple misrepresented the ease of the transition from MobileMe to iCloud and allegedly concealed potential difficulties in the transition.  Complaint ¶¶ 73-78, 86-88, 94.  Each claim fails for multiple reasons.[9]

**A.      Plaintiff Does Not Allege any Misrepresentation or Duty to Disclose.**

Where a plaintiff purports to bring a claim under the CLRA, FAL, or UCL based on a theory of misrepresentation or concealment, the heightened pleading standards of Federal Rule of

---

[9] Plaintiff purports to represent a nationwide class with respect to her UCL, CLRA and FAL claims.  However, as this Court recently observed, certification of nationwide classes under these state consumer protection laws is not appropriate following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581 (9th Cir. 2012).  *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2012 U.S. Dist. LEXIS 81426, *75, fn. 6 (N.D. Cal. June 12, 2012); *see also Kowalsky v. Hewlett-Packard Co.*, No. 5:10-CV-0217 LHK, 2012 WL 892427 (N.D. Cal March 14, 2012) (denying certification of nationwide class on UCL and CLRA claims on basis that *Mazza's* holding "precludes the certification of a nationwide class asserting claims under the UCL and the CLRA"); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509 LHK, 2012 WL 1353057 fn. 13,(N.D. Cal. April 18, 2012) (noting, on motion to dismiss, that plaintiff's UCL claim "would likely face an insurmountable hurdle at the class certification stage given that the Ninth Circuit has foreclosed the certification of nationwide classes under the UCL") (*citing Mazza*, 666 F.3d at 585).  Should any such claim survive a motion to dismiss for failure to state a claim, Apple will request dismissal or denial of certification for any nationwide class.

Civil Procedure 9(b) govern.  *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009).  Because Plaintiff premises her CLRA, UCL and FAL claims on the theory that Apple purportedly made misrepresentations or concealments, these claims sound in fraud, and Rule 9(b)'s standard applies.  *See* Complaint ¶ 11 ("Apple misrepresented that the migration to iCloud would be 'effortless'"); ¶¶ 73, 78 (CLRA claim, based on allegations that Apple engaged in "intentional concealment from Plaintiff and other consumers . . . that the MobileMe conversion to iCloud does not function as advertised" and that Apple "knew, or should have known, that its representations and advertisements regarding the iCloud/MobileMe conversion were false and would mislead the public"); ¶¶ 86, 88 (on UCL claim, alleging that Apple engaged in unfair competition by "misrepresentations and fraudulent and deceptive practices" and that Apple "violates the 'fraudulent' prong of the UCL by representing that the MobileMe to iCloud conversion would be effective"); ¶ 94 (on FAL claim, alleging that Apple "committed acts of false advertising . . . by using false and misleading statements to promote the sale of MobileMe and iCloud").

To comply with Rule 9(b), Plaintiff must plead the familiar "who, what, where, when, and how" of the alleged misrepresentations.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Conclusory allegations will not do; specificity in the facts is required.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff fails here on even the most basic level.  She identifies no specific representation or any facts that gave rise to a duty to disclose; she does not even plead the contents of the statements she alleges to be misleading.  *See, e.g.*, *Tayag v. Nat'l City Bank,* No. 09-667 SBA, 2009 WL 943897, at *2 (N.D. Cal. Apr. 7, 2009) (for FAL or UCL claims rooted in fraud, "[t]he content of the alleged misrepresentation is necessary to state a claim"); *In re Sony Rear Projection HDTV Litigation*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) (alleged misrepresentations for UCL, FAL, and CLRA must be pleaded specifically and with particularity under Rule 9(b)).  Apart from conclusory characterizations (Complaint ¶¶ 9, 11, 32, 78, 88), Plaintiff points to no actual statements that Apple made regarding the MobileMe to iCloud transition.  As explained above in Part I.B(1), the only representations Plaintiff identifies relate

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

solely to the operation and function of iCloud, not the transition from MobileMe to iCloud which forms the basis of Plaintiff's claims.  Complaint ¶ 3 (describing *iCloud* as "effortless"); ¶ 25 (alleging that Steve Jobs noted in a speech that *iCloud* "just works").

As to the CLRA, Plaintiff must further allege conduct falling within some subpart of Section 1770(a)(1) through (24), which, insofar as they involve misrepresentations, require representations claiming "goods or services are of a particular standard, quality, or grade" or advertising "goods or services with intent not to sell them as advertised."  Cal. Civ. Code § 1770(a)(7), (9).  No such allegations appear.

Plaintiff's nondisclosure theory requires her to allege particularized facts demonstrating that Apple had, and breached, a duty to disclose.  *See, e.g.*, *Kearns*, 567 F.3d at 1126; *Oestreicher*, 544 F. Supp. 2d at 971-73, *aff'd*, 322 Fed. Appx. 489 (9th Cir. 2009).  Such duty arises only where the plaintiff alleges specific representations that are rendered misleading by a failure to disclose further facts.  *See, e.g.*, *Long* 2007 WL 2994812, *4 (citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 828 (2006)) (dismissing CLRA and UCL claims because no duty to disclose alleged defects in notebook computers arose absent allegation of a specific representation to the contrary).  Because Plaintiff fails to allege any specific representations at all, much less ones that would be rendered misleading by a failure to further disclose, Plaintiff's nondisclosure theory also falls short.

**B.     Any Alleged Misrepresentations are Mere Non-Actionable Statements.**

Even if Apple's marketing of iCloud as "effortless" or "just works" were construed as addressing the MobileMe-to-iCloud transition, use of those terms could not give rise to a tenable claim for misrepresentation.  To be legally actionable, a statement must amount to "misdescription[] of specific or absolute characteristics of a product."  *Oestreicher*, 544 F. Supp. 2d at 973 (dismissing CLRA, FAL, and UCL claims because representations that laptops had "higher performance," "longer battery life," "richer multimedia experience," am "faster access to data" amounted to non-actionable statements as a matter of law).  "Generalized, vague, and unspecified" claims about product quality or functionality cannot be relied upon by reasonable consumers and are non-actionable.  *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1136 (N.D.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Cal. 2010) (dismissing UCL and FAL claim contending washers were "designed and manufactured for years of dependable operation" and "save you time"); *In re Sony Rear Projection HDTV Litigation*, 758 F. Supp. 2d at 1089 (dismissing with prejudice CLRA, UCL and FAL claims alleging that Sony misrepresented that its televisions were "superb," "excellent," or "high quality").

At most, the representations Plaintiff points to concerning iCloud constitute generalized claims of quality legally insufficient to give rise to a claim of misrepresentation. *Long.*, 2007 WL 2994812, at *7 (representation that HP offered a "reliable mobile computing solution" is non-actionable); *Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 609 (D. Md. 2011) ("easy to use" and "perfect" are non-actionable statements); *Brown v. Buschman Co.*, No. 99-108 (GMS), 2002 WL 389139, at *9 (D. Del. Mar. 12, 2002) (claim installation of computer software would be "seamless" is non-actionable); *Engineered Prods. Co. v. Donaldson Co., Inc.*, 165 F. Supp. 2d 836, 867 (N.D. Iowa 2001) ("easy to read and understand" is non-actionable statement). Because the only representation Plaintiff actually quotes is non-actionable, her claims should be dismissed, and dismissed with prejudice absent indication that Apple made some representation sufficient to support a claim.

## C.   Plaintiff Does Not Allege Reliance.

Plaintiff's claims also fail as a matter of law because she failed to plead that she relied on any purported misrepresentation, a required element for an individual's claim under the UCL's fraudulent prong. *See In re Tobacco II*, 46 Cal. 4th 298, 328 (2009) (individual plaintiff must plead and prove reliance, even if each class member need not do so). The same is true for the FAL. *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1168-69 (C.D. Cal. 2011). And the CLRA has at least as stringent of a reliance requirement for purported class representatives. *See In re ActImmune Marketing Litig.*, No. C 08–02376 MHP, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009) (CLRA claims have "a more stringent standing requirement, in that a class representative must show actual causation and reliance").

As noted above, the only place Plaintiff even alludes to the reliance requirement is in her "declaration," which cannot supplement her pleading and, in any event, does not identify

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

anything she actually read, much less how she relied upon it.  *See* fn. 7 *supra*; Comer Decl. ¶ 4

(referring to unidentified "product label and advertising").  Plaintiff's claims under the FAL,

CLRA and UCL's fraudulent prong utterly fail to meet Rule 9(b)'s standard.

**D.     Apple's MobileMe Terms of Service Would Bar Plaintiff's CLRA, UCL, and FAL Claims even if a Misrepresentation and Reliance Were Alleged.**

Plaintiff's consumer claims also fail because they directly conflict with the operative

disclaimers in the MobileMe TOS.   California law is clear that claims under the CLRA, UCL, or

FAL cannot rest on alleged misrepresentations that are at odds with warranty disclaimers.  *See,*

*e.g., Long.*, 2007 WL 2994812, at *7-8 (alleged misrepresentations regarding quality of computer

could not support a CLRA or UCL claim where warranty specifically disclaimed that use of the

product would be "uninterrupted" or "error free"); *Janda v. T-Mobile USA, Inc.*, 378 Fed. Appx.

705, 707 (9th Cir. May 10, 2010) (affirming dismissal of UCL, FAL, and CLRA claims based on

alleged failure to disclose fees where terms and conditions disclosed them.

Here, Plaintiff claims that Apple's statements suggested that the move from MobileMet to

Cloud would be "effortless" (though no such statements are identified), and vaguely refers to

certain instances in which Plaintiff was unable to access email.  Yet the TOS provides that

MobileMe services would be accepted on an "AS IS" and "AS AVAILABLE" basis.  TOS §12.

More precisely, the TOS expressly disclaimed that "YOUR USE OF THE SERVICE WILL BE

TIMELY, UNINTERRUPTED . . . OR ERROR-FREE."  TOS §12.  No claim can be stated for

an alleged temporary disruption of service that the TOS expressly did ***not*** promise.

**E.     Plaintiff's Unfairness Prong UCL Claim Fails as She Has Not Alleged Any "Unfair" Business Practice or Substantial Injury.**

Plaintiff also unsuccessfully asserts a claim under the "unfairness" prong of the UCL.

Complaint ¶ 87.  But she cannot, as she attempts here, "'plead around' absolute barriers to relief

by relabeling the nature of the action as one brought under the unfair competition statute." *Cel-*

*Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999).

While the California Supreme Court has yet to establish a single definitive test for

pleading such a claim, three tests have emerged:  (1) conduct that offends some established public

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

policy "tethered to specific constitutional, statutory, or regulatory provisions;" (2) the existence of a "substantial" injury, not outweighed by countervailing benefits to consumers which could not reasonably have been avoided by the consumers; or (3) conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and that that the utility of the conduct does not outweigh the harm to the consumers. *See, e.g., Ford v. Lehman Brothers Bank, FSH*, No. 12-00842 (CRB), 2012 WL 2343898, at *10 (N.D. Cal. June 20, 2012).

No matter which test is applied, Plaintiff fails to meet it. Her sole allegation in support of this claim is a conclusory sentence providing no facts in support. *See* Complaint ¶ 87 ("Apple's conduct is unfair in that the harm to Plaintiff and the Class arising from Apple's conduct outweighs the utility, if any, of those practices."). This lone allegation fails the first test because there is no allegation that Apple offends any established constitutional, statutory, or regulatory policies. Likewise, the allegation fails the second test because Plaintiff does not identify any "substantial harm" or any facts that could amount to substantial harm, let alone alleged that she could not have reasonably avoided such harm. Finally, because Plaintiff does not allege any facts reasonably demonstrating any "immoral, unethical, oppressive, unscrupulous or substantially injurious" conduct by Apple, and any facts demonstrating a harm to Plaintiff that is not outweighed by the general benefits to consumers receiving iCloud, Plaintiff also fails the third test. Accordingly, Plaintiff's claim under the unfairness prong of the UCL should be dismissed.

**F.    Plaintiff Does Not Allege Any "Unlawful" Business Practices.**

Plaintiff's claim under the UCL's "unlawful" prong requires her to "identify the particular section of the statute that was allegedly violated, and [] describe with reasonable particularity the facts supporting the violation." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. 07-00554, 2007 U.S. Dist. LEXIS 56032, at *29 (N.D. Cal. July 23, 2007) (dismissing for insufficiently pleading unlawful conduct). Vague allegations that conduct is unlawful are not sufficient. *Id*.

The entirety of Plaintiff's allegation on this claim is that Apple's actions violated "the common law as well as federal and California consumer protection statutes." Complaint ¶ 86. The Complaint is woefully insufficient, identifying neither the statute nor the facts purportedly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   constituting the violation—with the exception of statutes already shown above not to support

2   claims of unlawful conduct here.

3   **G.    Plaintiff Cannot Allege Any "Loss of Money or Property As a Result Of"**
       **Unfair Competition, Depriving Her of Standing under the UCL or FAL.**

4

5       Plaintiff's UCL and FAL claim fail for the independent reason that she has not and cannot

6   allege her standing to bring a claim under the UCL or FAL, namely, that she "suffered injury in

7   fact and…*lost money or property as a result of* the unfair competition."  Cal. Bus. & Prof. Code

8   § 17204 (UCL) (emphasis added); § 17535 (FAL); *Woods v. Google, Inc.*, No. 05:11-CV-1263

9   JF, 2011 WL 3501403, at *8 (N.D. Cal. Aug. 10, 2011).  Plaintiff's sole basis for alleging harm

10  of any kind is the conclusory reference to "problems" including alleged lost e-mail functionality

11  for a brief period of time."  Complaint ¶ 14.[10]  She provides no identification of what her

12  "problems" purportedly were, what was the cause, and for how long.  Any such temporary issue

13  with access to e-mail does not approach "lost money or property" within the meaning of Sections

14  17204 and 17535.  Spurious lawsuits over nothing beyond inconvenience are exactly what

15  Proposition 64 sought to prevent in adding the standing requirements.  *Hall v. Time, Inc.*, 158 Cal.

16  App. 4th 847, 857 (2008).

17      As the California Supreme Court explained, lost money or property generally involves one

18  of a limited number of factual scenarios—specifically, where a person is forced to "(1) surrender

19  in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2)

20  have a present or future property interest diminished; (3) be deprived of money or property to

21  which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing

22  money or property, that would otherwise have been unnecessary."  *Kwikset Corp. v. Superior*

23  *Court*, 51 Cal. 4th 310, 323 (2011).  Efforts to stretch the UCL or FAL beyond these categories

24  will not succeed.  *See, e.g., Folgestrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 993-94 (2011)

25  (disclosure of personal information is insufficient to constitute lost money or property).

26

27

28  [10] Although the Complaint references a few different problems encountered by others in the
    transition, Plaintiff's claims can only be measured by her allegations of harm to herself.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Here, Plaintiff has not alleged that her money or property was taken; that she was forced

2    to pay more money in a transaction than she otherwise would have; that some present or future

3    property interest was diminished; or that she was required to enter into a transaction she otherwise

4    would not have.[11]  Plaintiff admits that the iCloud services she used were provided for free.  This

5    further eviscerates any claim of lost money or property due to the functioning of iCloud.

6        Plaintiff's UCL and FAL claims fail as she has no standing to pursue them.

7    **H.    Plaintiff Cannot Allege She Purchased Any Good or Service from Apple
         Because of any Misrepresentations.**

8

9        Plaintiff's CLRA claim faces dismissal for the final reason that she has not and cannot

10   allege that Apple's purported representations were "intended to result or which result in the sale

11   or lease of goods or services" to consumers.  *See* Cal. Civ. Code § 1770(a); *see also* Cal. Civ.

12   Code § 1761(d) (CLRA claim can only be brought by an individual who "seeks or acquires, by

13   purchase or lease, any goods or services").  The Complaint acknowledges that for Plaintiff,

14   iCloud is a free service.  Complaint ¶¶ 3, 21.  While Plaintiff claims she paid for MobileMe

15   (Complaint ¶ 14), Plaintiff has not alleged that she paid for iCloud or was forced to pay anything

16   as a result of the move from MobileMe to iCloud.  To the extent Plaintiff seeks to allege a false

17   representation about the functioning of this free service, she falls outside the CLRA.  *Claridge v.*

18   *RockYou, Inc.*, 785 F. Supp. 2d. 855, 863 (N.D. Cal. 2011) (dismissing CLRA claims with

19   prejudice because applications at issue were free); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d

20   705, 716 (N.D. Cal. 2011) (dismissing CLRA claims with prejudice because Facebook is a free

21   service).  This is true even where the free service is used in relation to paid goods.  *See Wofford v.*

22   *Apple Inc.*, No. 11-CV-0034 AJB NLS, 2011 WL 5445054, at *2 (S.D. Cal. Nov. 9, 2011)

23   (because iOS operating system software is free, no CLRA claim can be based on it).  As such,

24   Plaintiff's CLRA claim fails as a matter of law and should be dismissed with prejudice.

25

26

27

28   [11] While Plaintiff vaguely alleges that other people were forced to pay for outside technical help
     in dealing with a transition to iCloud, she does not allege that she did so.  Complaint ¶ 25.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**III.    UNJUST ENRICHMENT IS NOT A CAUSE OF ACTION IN CALIFORNIA.**

Finally, the Court should dismiss Plaintiff's Second cause of action, for "unjust enrichment," because "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action").  Rather, "unjust enrichment" is simply an effect; it is synonymous with restitution.  *See Melchior*, at 794; *see also Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989).  At best, a remedy for unjust enrichment is duplicative of a request for restitution under the UCL, and it thus fails due to Plaintiffs' failure to allege any other substantive claim.  *Oestreicher*. 544 F. Supp. 2d at 975 (unjust enrichment theory unavailable where no fraud, CLRA or UCL claims stated).  The unjust enrichment claim should be dismissed with prejudice.

## CONCLUSION

For these reasons, Apple respectfully requests the Complaint be dismissed in its entirety with prejudice.

Dated:   July 11, 2012                    FENWICK & WEST LLP


By:  _____*/s/ Laurence F. Pulgram*_____
                    Laurence F. Pulgram

Attorneys for Defendant
APPLE INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO